Cheshire,
No. 5220.

Harry M. Pierce, *Adm'r estate of* Albertha Z. Pierce *& a.*

*v.*

H. Claude Mowry, *Adm'r estate of* Joseph C. Mowry.

Argued June 2, 1964.
Decided July 1, 1964.

*Howard B. Lane* (by brief) for the plaintiffs.

*Faulkner, Plaut, Hanna & Zimmerman* (*Mr. N. Michael Plaut* orally), for the defendant.

WHEELER, J.   Taking the evidence most favorable to the plaintiff it was findable that on August 20, 1960 at about 10:15 P. M. the plaintiff Nahum M. Pierce aged 74 was operating a motor vehicle at a speed of fifteen to twenty miles an hour in a westerly direction on Route No. 9 in Chesterfield proceeding toward Mort's filling station to purchase groceries. Accompanying him as passengers were his wife Albertha and granddaughter Janet.

As he proceeded up a hill through the ledges, so-called, and when about 300 feet east of Mort's station he observed the defendant's motor vehicle approaching from the brow of the hill approximately 1500 feet west of the filling station.

The grade is sharper as one approaches the filling station but levels off as a driver continues westerly past the station.

The plaintiff testified that when he saw the lights of the approaching vehicle he put on his directional lights to indicate a left turn across the highway. When he was some 150 feet west of the station he turned to the left on a 45-degree angle toward the station and did not again see the approaching car until it collided with the right hand side of his vehicle at a point about 10 inches from the southerly edge of the pavement. After the

collision the plaintiff's vehicle moved about 43 feet and the defendant's car continued on for some 145 feet. The defendant, who was 18 years of age, was traveling alone at a speed of 45 to 50 miles an hour. After the accident he stated that there were patches of fog before he arrived at the station, but that they did not bother his vision.

In this state of the evidence the question of due care of each operator was properly submitted to the jury and the defendant's exceptions to the denial of his motions for nonsuit and directed verdict are overruled.

During the course of the trial and after the plaintiffs had rested on a Tuesday, counsel for plaintiffs became ill and was unable to proceed with the trial until Friday morning. Prior to argument, defendant's counsel informed the Court and plaintiffs' counsel that juror No. 11 had called him on Wednesday after being informed that there would be no trial because of illness of plaintiffs' counsel and asked if it would be safe to make a business appointment for Thursday. He was referred to the clerk.

Juror No. 11 was the vice president of a corporation of which a partner of defendant's counsel was clerk. This fact was known to counsel for the plaintiffs at the time the jury was impaneled.

The Court after hearing counsel denied plaintiffs' motion to excuse the juror and proceed with eleven jurors. No motion for a mistrial or a motion to set aside the verdict was made.

The denial of the motion to excuse the juror after hearing counsel implied a finding that the juror was indifferent. *McLaughlin* v. *Union Leader*, 99 N. H. 492, 499. This was not erroneous as a matter of law. Plaintiffs' exception is overruled.

In the death actions of Albertha and Janet Pierce the plaintiffs excepted to the Court's charge on damages which limited recovery to burial expenses, doctors' bills and ambulance charge.

The applicable statute (RSA 556:12) provides that in assessing damages in death cases consideration may be given among other elements, to the decedent's "capacity to earn money." The fact that there was no evidence that either Janet or Albertha had ever earned money or probably ever would, did not preclude the jury from considering whether such "capacity" to earn existed. *Dillon* v. *Railway*, 73 N. H. 367. "The statute makes [her] capacity to earn an element to be considered in assessing the damages . . . But although capacity is thus made material,

it is not declared to be the measure of the damage. The loss to the estate by the destruction of that capacity is the measure." *Morrell* v. *Gobeil*, 84 N. H. 150, 151; see *Pitman* v. *Merriman*, 80 N. H. 295; *Morrison* v. *Railroad*, 86 N. H. 176, 182.

Albertha and Janet never regained consciousness after the accident and both died within hours thereafter. Janet, thirteen years of age, with a life expectancy of 56.57 years, was born with cerebral palsy which affected her balance and she was unable to walk except with the aid of crutches or a walker. She could not hear or talk but could see. The only work she performed was doing the household dishes.

Albertha was 75 years of age and had a life expectancy of 7.8 years. There was evidence that she was in good physical condition at the time of the accident, although she had been hospitalized for removal of a breast during the preceding summer; and that she was able to do the housework including cooking and cleaning, and the day before the accident had been removing wallpaper preparatory to painting and papering. It appeared that she had been hospitalized at some previous time or times for broken legs, pneumonia, and diabetes, and that she had had "some heart disease."

On this state of the evidence, the plaintiff administrator was entitled to have the loss of Albertha's capacity to earn money considered as an element of the damages in her case, unless the negligence of her widower, Nahum M. Pierce, who was sole distributee under the statute (RSA 556:14 II) contributed to cause the accident. *Niemi* v. *Railroad*, 87 N. H. 1; *Cote* v. *Martel*, 103 N. H. 110. It is evident however from the verdicts of the jury that Nahum M. Pierce as plaintiff was found contributorily negligent. Accordingly the exceptions of Albertha's administrator are overruled.

In Janet's case her "capacity to earn money" was limited by her physical disabilities, but the loss if any, from the destruction of her earning capacity was a question of fact to be determined by the jury under appropriate instructions. See *Humphreys* v. *Ash*, 90 N. H. 223; *Golej* v. *Varjabedian*, 86 N. H. 244; *Hanson* v. *Blake*, 92 N. H. 396; *Richards* v. *Company*, 96 N. H. 272, 278. Whether retrial of the action, brought by the administrator of her estate, should be limited to the question of damages is a matter for the Superior Court to

determine. *Lampesis* v. *Comolli*, 101 N. H. 491; 102 N. H. 306.

> *Exception of plaintiff Harry M. Pierce, Adm'r sustained; all other exceptions overruled.*

All concurred.